UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FREDIS RODRIGUEZ MENDOZA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

                Case No. 1:26-cv-1526

                Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently

detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan,

initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.     **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention

following an order issued by the Detroit Immigration Court denying him bond, and asks the Court

to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to

release Petitioner or provide Petitioner with a bond hearing where the government bears the burden

of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)[1]

In an Order entered on May 12, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 7.) Respondents filed their response on May 15, 2026, (ECF No. 8),[2] and Petitioner filed his reply on May 19, 2026, (ECF No. 9).

## II.    Relevant Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2023. (Pet., ECF No. 1, PageID.11.) On February 12, 2026, ICE arrested Petitioner when he was leaving for work. (*Id.*)

On March 18, 2026, the Immigration Court ordered Petitioner's removal from the United States. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "245542245" for the A-Number, select "Colombia" for the Nationality, and select Submit) (last visited June 2, 2026), (hereinafter, "Automated Case Information Website for Petitioner's Immigration Case"). Petitioner had thirty days from the entry of the removal order to appeal to the Board of Immigration Appeals (BIA); however, no appeal was received for the case. *See id.*

On April 2, 2026, during Petitioner's appeal period, the Detroit Immigration Court held a § 1226 bond hearing for Petitioner, at which the Immigration Court denied Petitioner's request for bond. (Apr. 2, 2026, Order Immigration Judge, ECF No. 1-1, PageID.20.)

---

[1] Petitioner also filed several motions asking the Court to order Respondents to take certain actions during the pendency of this action. (ECF Nos. 2, 3, 4, 5.) Because this Opinion resolves Petitioner's action, Petitioner's pending motions, asking that Respondents be ordered to take certain actions during the pendency of this action, are moot.

[2] Contrary to the Court's order in the Order to Show Cause, Respondents failed to submit a transcript or recording of Petitioner's bond hearing. (*See* Order, ECF No. 7, PageID.43.) However, as set forth herein, the Court is able to resolve this case without the transcript or recording.

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Analysis

As noted above, on March 18, 2026, the Immigration Court ordered that Petitioner be removed from the United States. *See* Automated Case Information Website for Petitioner's Immigration Case. Petitioner had thirty days from the entry of the removal order to appeal to the BIA; however, no appeal was received for the case. *See id.*

Following the expiration of Petitioner's appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

3

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition, in which Petitioner asks for a bond hearing under § 1226.[3]

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      June 3, 2026                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge

---

[3] If Petitioner's circumstances change, Petitioner is free to file a *new* § 2241 petition challenging his detention.