UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDIS RODRIGUEZ MENDOZA,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

/

Case No. 1:26-cv-1526

Honorable Jane M. Beckering

**ORDER**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) This closed case is before the Court on Petitioner's post-judgment motion (ECF No. 15).

Following receipt of Respondents' response to Petitioner's motion (ECF Nos. 17, 18), in an order entered on September 24, 2026, the Court ordered Respondents to submit a written response indicating whether Petitioner remained in ICE custody because, based on publicly available information on ICE's Online Detainee Locator System, it was unclear whether Petitioner was still in ICE custody. (Order, ECF No. 19.) In response, Respondents filed a status report indicating that Petitioner remained in ICE custody[1] and that on September 14, 2026, the Board of

[1] The Court notes that at the time of the entry of the September 24, 2026, order asking Respondents to indicate whether Petitioner remained in ICE custody, the publicly available Online Detainee Locator System showed that there was no record of Petitioner being in ICE custody at that time. However, two days after the Court's order, Respondents advised that Petitioner was in fact still in the custody of ICE. Under these circumstances, the Court notes that it questions the accuracy of the publicly available information through ICE's Online Detainee Locator System.

Immigration Appeals had dismissed Petitioner's appeal, pursuant to Petitioner's motion to withdraw his appeal, making his March 18, 2026, order of removal administratively final as of September 14, 2026. (Resp., ECF No. 20.)

When Petitioner's order of removal became administratively final on September 14, 2026, his detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals"). Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

In Petitioner's post-judgment motion to enforce judgment, he requests that the Court order Respondents to release him from ICE custody. (ECF No. 15.) Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See* 8 U.S.C. § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention, Petitioner's post-judgment motion (ECF No. 15), in which he requests release from ICE custody, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: October 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge